# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON LEE BENSHOOF, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-10-381-M |
| ) | |
| ROD TAVANELLO, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed a petition pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined. For the reasons set forth below, it is recommended that the petition be dismissed in part as untimely and in part for failing to state a cognizable claim for habeas relief.

Background

On August 11, 2003, Petitioner entered a blind plea of nolo contendere to the charge of assault and battery with a dangerous weapon.[1] District Court of Garfield County, Case No. CF-2002-696. On April 2, 2004, the court deferred sentencing for five years, subject to

---

[1]The facts setting forth the procedural history of Petitioner's criminal case were taken from the Garfield County District Court Order Denying Petitioner's Application for Post Conviction Relief, Petition, Ex. F, Attachment One, and the district court docket. *See* Oklahoma State Court Network (OSCN), at http://www.oscn.net, *State v. Benshoof*, Case No. CF-2002-696 (accessed August 17, 2010).

terms and conditions of probation. On April 4, 2007, upon application and amended applications of the State, sentencing was accelerated by the trial court due to Petitioner's violation of the terms and conditions of probation, and Petitioner received a five-year sentence with the first two years to be served in the custody of the Oklahoma Department of Corrections and the remaining three years suspended, subject to the terms and conditions of probation. Petitioner did not file a direct appeal of the judgment and sentence of the district court. As set out in more detail *infra*, in 2009 Petitioner unsuccessfully pursued post-conviction relief.

On or about January 22, 2009, the State moved to revoke Petitioner's suspended sentence, and the district court revoked the remaining three-year suspended sentence in full. Petitioner appealed the revocation of his sentence, which appeal is currently pending before the Oklahoma Court of Criminal Appeals (OCCA).[2]

The instant petition, filed at the earliest on April 9, 2010,[3] raises eleven grounds for federal habeas relief, challenging the validity of Petitioner's conviction as well as certain procedural aspects of his related post-conviction action. Petitioner's claims and lengthy

---

[2] The OCCA docket shows that Petitioner's notice of intent to appeal was filed on January 26, 2009, and his supporting brief was filed on July 31, 2009. *See* Oklahoma State Courts Network, at http://www.oscn.net, *Benshoof v. State*, Case No. RE-2009-75 (accessed August 17, 2010). The State's answer brief was filed on November 23, 2009, and the case was submitted to the court on December 10, 2009. *Id.* The OCCA docket confirms that Petitioner's appeal of his sentence revocation in Case No. CF-2005-196 is still pending. *Id.*

[3] The petition was file-stamped on April 13, 2010, but the petition is deemed "filed" when Petitioner gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). The undersigned has assumed a filing date of April 9, 2010, the date Petitioner signed the petition. Petition, p. 27.

supporting facts can be summarized as follows. Grounds One through Six challenge the validity of the nolo contendere plea Petitioner entered in 2003. Specifically, in Ground One, labeled "Coerced confession," Petitioner alleges that defense counsel acted in "collusion" with the prosecution, refused to investigate certain exculpatory evidence, and insisted that Petitioner enter a nolo contendere plea to the charges against him. Petition, pp. 6-9.[4] In Ground Two Petitioner alleges that the State "suppressed exculpatory evidence" described as "a multitude of formal documents." *Id.*, pp. 10-12. Similar to Ground One, Ground Three alleges that Petitioner's plea was "unlawfully induced." *Id.*, p. 12. Ground Four is based on a claim of ineffective assistance of trial counsel. *Id.*, pp. 13-14. Petitioner alleges in Ground Five that he was denied his right to appeal his conviction. *Id.*, p. 15. In Ground Six Petitioner alleges that his prosecution and conviction violated his "right to 'bear arms'" under the Second Amendment. *Id.*, pp. 15-17. In his seventh and final ground, Petitioner alleges that the prosecutor and Petitioner's attorney "acted together" in depriving him of his right to "equal protection of the laws." *Id.*, p. 18. With respect to these claims, Petitioner requests that the Court "allow a change of jurisdiction to avoid barring for limitations to file and mootness of discharged sentence." Petition, p. 19.

Petitioner explains that his claims in Grounds Eight through Eleven involve "collateral grounds" that "surfaced" during his recent state post-conviction proceeding. Petition, pp. 18-19. Specifically, in Ground Eight Petitioner alleges that the state district court denied

---

[4] The page numbers on the petition are not legible; therefore, the pages have been hand counted and are referred to in their sequential order.

Petitioner's request for records and transcripts at public expense during the post-conviction proceeding, in violation of his due process rights. *Id.*, p. 19. In Ground Nine he alleges the court refused to file certain documents he submitted during the post-conviction proceeding, denying his right of access to the courts. *Id.*, p. 20. In Ground Ten Petitioner alleges that the court denied Petitioner's application for post-conviction relief without making sufficient findings. *Id.*, p. 21. Although difficult to discern, in Ground Eleven Petitioner appears to challenge an alleged "secondary ruling" by the trial court during his post-conviction proceeding "in a collusion that violated due-process." *Id.*, p. 22.[5]

## DISCUSSION

### I. Initial Screening of the Petition

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions upon filing and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." An initial review of the instant petition shows that Petitioner's claim in Grounds One though Seven should be dismissed as time-barred and the claims in Grounds Eight through Eleven should be dismissed for failure to raise a cognizable claim for habeas relief.

---

[5] Petitioner challenges rulings by the district court during his post-conviction proceeding, specifically, a ruling on December 1, 2009, denying his motion for an evidentiary hearing, and the court's December 29, 2009, order denying post-conviction relief ("secondary ruling"). Petition, p. 5.

## II. Time-Barred Claims - Grounds One through Seven[6]

Pursuant to 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by Section 2244(d)(1)(A), unless the petitioner alleges facts that would implicate the provisions set forth in Section 2244(d)(1)(B), (C), or (D) above. *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The undersigned finds no basis to apply the provisions of §§ 2244(d)(1)(B), (C), or (D); therefore, the timeliness of the claims challenging Petitioner's conviction in Case No. CF-

---

[6]The issue of timeliness may be raised *sua sponte* by the court. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (affirming court's *sua sponte* dismissal of habeas corpus petition as untimely under Rule 4 and noting that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *See also Kilgore v. Atty. General of Colo.*, 519 F.3d 1084 (10th Cir. 2008).

5

2002-696 has been calculated under § 2244(d)(1)(A). In calculating the limitation period for actions under 28 U.S.C. § 2254, federal courts are required to toll the time a petitioner spent seeking "post-conviction or other collateral review with respect to the pertinent judgment or claim" in state court. *See* 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).

The claims in Grounds One through Seven, which challenge the validity of his conviction in Case No. CF-2002-696, are clearly untimely under the provisions of § 2244(d)(1)(A). As previously set out, Petitioner was sentenced on April 2, 2004, to a five-year deferred sentence pursuant to his plea of nolo contendere to assault and battery with a dangerous weapon. *See* Petition, pp. 2-3. Under Oklahoma law, Petitioner had ten days from that date to move to withdraw his plea. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals (to appeal from any conviction on a plea of guilty or nolo contendere, defendant must have filed an application to withdraw the plea within ten days from the date of the pronouncement of the judgment and sentence). Petitioner does not assert that he attempted to withdraw his plea and admits that he did not appeal. *Id.*, p. 3. As a result, his convictions became final for purposes of § 2244(d)(1)(A) on April 12, 2004. *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (petitioner's convictions pursuant to guilty pleas were final ten days after entry of judgment and sentence where petitioner failed to appeal conviction) (citing Okla. Stat. tit. 22, § 1051; OCCA Rule 4.2). Therefore, on April 12, 2004, the one-year limitations period began to run on any claims challenging the validity of Petitioner's conviction, and he had until April 12, 2005, to file his federal habeas action

raising these claims. This § 2254 action challenging his conviction was not filed until April 9, 2010, nearly five years after the expiration of the applicable one-year period. Thus, absent statutory or equitable tolling, the claims in Grounds One through Seven, filed on April 9, 2010, are untimely pursuant to § 2244(d)(1)(A).

**Statutory Tolling**

In order to toll the limitation period under § 2244(d)(2), an application for post-conviction relief must be filed within the one-year limitation period. *See e.g., Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed AEDPA will toll the statute of limitations."). No statutory tolling applies in this case because Petitioner failed to file any post-conviction action in the state district court until on or about October 27, 2009, over four years after the expiration of the one-year limitation under § 2244(d)(1)(A).[7] *See e.g., Fisher*, 262 F.3d at 1142-43 (finding petitioner's federal habeas petitions were not tolled for time spent in state post-conviction proceedings because his applications were not filed until after the end of the applicable one-year period); *Barnes v. Booher*, No. 00-7066, 2000 WL 1346234, at *1 (10th

---

[7]The Garfield County docket reflects that Petitioner filed his application for post-conviction relief on October 27, 2009. *See* OSCN, at http://www.oscn.net, *State v. Benshoof*, Case No. CF-2002-696; *see also* Petition, Ex. A, Attachment 1 (Petitioner's Application for Post-Conviction Relief, bearing a file-stamped date of October 26, 2009). The district court denied Petitioner's application on December 29, 2009. *See* OSCN, *supra*; *see also* Petition, Ex. F, Attachments 1 & 3 (docket page in Case No. CF-2002-696). At the time he filed this habeas action, Petitioner advised the Court that his appeal of the district court's decision was pending before the OCCA. Petition, pp. 5 & 25. Petitioner has since notified the Court that on May 21, 2010, the OCCA affirmed the denial of post-conviction relief. Motion to Submit New Occurring Evidence for the Record [Doc. No. 12], Attachment One (OCCA Order Affirming Denial of Post Conviction Relief, Case No. PC-2009-1203).

7

Cir. Sept. 19, 2000) (unpublished op.) (because petitioner's state petition for post-conviction relief was not filed until §2244(d)'s limitation period had already expired, that petition did not serve to toll the limitation period under §2244(d)(2)). Therefore, there is no basis for statutory tolling, and absent a basis for equitable tolling, the claims in Grounds One through Seven are time-barred.

**Equitable Tolling**

The Supreme Court has recently held that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. ____ , 130 S. Ct. 2549, 2554 (2010). This decision affirmed that equitable tolling is only appropriate if the prisoner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 2563. *See also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (equitable tolling does not apply unless a petitioner shows both extraordinary circumstances preventing timeliness and diligent pursuit of his claim). As stated by the Tenth Circuit Court of Appeals, "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Yang*, 525 F.3d at 928 ("'[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.'") (citation omitted). Further, "ignorance of the law, even for an incarcerated pro se petitioner,

generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks and citation omitted).

Petitioner is aware that he faces a statute of limitations challenge. Petition, p. 1 ("Equitable Tolling" is an issue . . .") (citing *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007)). Although Petitioner alleges that "he has sufficiently displayed as to why he must be able to proceed under 'Equitable Tolling,'" *id.*, p. 26, he has failed to articulate any specific argument in support of that assertion.

Petitioner does, however, allege in Ground Five that he was denied his right to appeal because trial counsel not only "force[d]" Petitioner to enter a plea to the charge against him, but also "warned against an appeal as well." Petition, p. 15.[8] To the extent Petitioner relies on this allegation as a ground for equitable tolling, his vague reference to counsel's advice not to appeal does not support equitable tolling. Petitioner's conclusory allegation that counsel advised him not to appeal is unaccompanied by specific factual support. Petitioner's allegations in this regard are therefore insufficient to establish equitable tolling.

In Ground Three, Petitioner alleges that "he is wholly innocen[t] to the bogus charge accusing him of assaulting another with a dangerous weapon, in which he vividly acted in self-defense and within scope of the governing laws." Petition, p. 12. "A claim of actual innocence may toll the [habeas] statute of limitations." *Laurson v. Leyba*, 507 F.3d 1230,

---

[8]In his application for post-conviction relief, Petitioner alleged that his attorney "stressed that the opportunity of appealing the sentence should be waived to ensure peace with the State's District Attorney." Petition, Ex. A, Attachment One, p. 13.

9

1232 (10th Cir. 2007). Here, Petitioner argues that he is legally innocent–that a valid legal defense existed based on self-defense. *See Ellis v. Hargett*, 302 F.3d 1182, 1186 n.1 (10th Cir. 2002) (claim of self defense involves legal innocence rather than factual innocence). However, legal innocence does not suffice for an "actual innocence" claim because "[a]ctual innocence means 'factual innocence.'" *Laurson*, 507 F.3d at 1233 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Petitioner has not provided a factual basis for his claim that he was actually innocent of the crime for which he was convicted. Moreover, Petitioner's claim that his plea was involuntary fails to "assert that he did not commit the crime to which he pleaded [no contest]." *Id.* Therefore, Petitioner fails to establish actual innocence as an equitable basis for avoiding the limitations period. *See Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (concluding petitioner had failed to show actual innocence where he did not claim he was innocent of killing the victim but rather that he was not guilty of first degree murder because he was intoxicated and acted in self defense); *Mukes v. Warden of Joseph Harp Correctional Center*, 301 Fed. Appx. 760, 763 (10th Cir. Dec. 3, 2008) (petitioner failed to show actual innocence where he did not dispute that he intentionally killed two victims, but claimed only that he was innocent of first degree murder and first degree manslaughter because he was acting in self defense).

In any event, Petitioner clearly fails to show the required diligence in pursuing his federal habeas claims challenging his conviction in Case No. CF-2002-696. Petitioner did not challenge his conviction until over four years after the expiration of the § 2244(d)(1)(A) limitation period. The record reflects no explanation or justification for Petitioner's lack of

diligence. The undersigned finds that Petitioner has not pled facts sufficient to support equitable tolling of the limitations period. *See Loving v. Mahaffey*, 27 Fed. Appx. 925, 926 (10th Cir. Dec. 10, 2001) (holding that equitable tolling was unavailable due to the habeas petitioner's lack of diligence, notwithstanding his placement of blame on his attorney for failure to file a notice of appeal as requested). Accordingly, the undersigned finds that Petitioner has shown neither "extraordinary circumstances" which would warrant equitable tolling in this case nor due diligence in pursuing his federal habeas claims. Thus, the application of the doctrine of equitable tolling is not appropriate here.

In sum, because Petitioner is not entitled to statutory or equitable tolling, the limitations period concerning Petitioner's challenge of his conviction in CF-2002-696 expired on April 12, 2005. Therefore, Petitioner's claims in Grounds One through Seven should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

**III.** **Challenge to Post-Conviction Procedures - Grounds Eight Through Eleven**

Even assuming the claims in Grounds Eight through Eleven were raised timely under 28 U.S.C. § 2244(d)(1)(D), the date Petitioner discovered the factual predicate of his claims regarding the post-conviction process, such claims fail as a matter of law to state cognizable constitutional claims. Petitioner alleges that "collateral grounds have amounted while the directly attacked grounds were being reviewed through the State Exhaustion." Petition, p. 18. In Grounds Eight through Eleven Petitioner describes various alleged "technical errors and collusions" that occurred while he was proceeding in the state court in his post-conviction proceeding. These alleged errors include: a denial of Petitioner's request for

11

records and transcripts at public expense (Ground Eight); the district court clerk's refusal to file certain documents submitted by Petitioner (Ground Nine); the denial of Petitioner's application for post-conviction relief without sufficient findings (Ground Ten); and an alleged "secondary ruling" by the trial court "in a collusion that violated due-process" (Ground Eleven).

It is well established that the federal writ of habeas corpus reaches only convictions in violation of the United States Constitution, laws, or treaties. *E.g. Mabry v. Johnson*, 467 U.S. 504, 507 (1984); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Phillips*, 455 U.S. 209, 221 (1982); *Brinlee v. Crisp*, 608 F.2d 839, 843 (10th Cir. 1979). In this regard, the Supreme Court has stated that "[f]ederal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. at 221. The Tenth Circuit Court of Appeals has held that an attempt by a habeas petitioner to challenge "the Oklahoma post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding." *Steele v. Young*, 11 F.3d 1518, 1521, 1524 (10th Cir. 1993); *see also Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (holding that an alleged deprivation of due process based on the state appellate court's refusal to grant post-conviction review was not cognizable on federal habeas corpus "because the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration"); *Graves v. Boone*, No. 99-7013, 1999 WL 1079626, at *2 (10th Cir. Nov. 30, 1999) (unpublished op.) ("Mr. Graves'

challenges to Oklahoma's post-conviction procedures do not amount to federal constitutional claims in a federal habeas action.") (citing *Steele, supra*).

Petitioner's challenges to Oklahoma post-conviction procedures fail to state the deprivation of a federal constitutional right, and it is apparent from the face of the petition that he is not entitled to habeas relief on such claims. Thus, the claims in Grounds Eight through Eleven should be summarily dismissed on filing for failure to state a cognizable claim for habeas relief.[9]

## IV. Petitioner's Pending Motions [Doc. Nos. 9, 10, 11, 12 & 14]

In addition to his petition, Petitioner has filed several documents labeled "motions" in which he essentially attempts to supplement the record concerning the claims raised in this action. These motions should be denied.

On April 22, 2010, Petitioner filed a motion to supplement the record. [Doc. No. 9]. Although Petitioner's request in this regard is difficult to decipher, it appears that he seeks to supplement the record with materials in support of his allegation in Ground Nine that

---

[9]In support of his request that this Court assume jurisdiction to consider his claims, which included "collaterally amounted errors from lower courts," Petitioner cites *Leyva v. Williams*, 504 F.3d 357 (3rd Cir. 2007). Petition, pp.1, 19, 23, & 25. However, this Third Circuit opinion is not binding on this court, and in any event, is not dispositive of the recommendations made herein. The Court of Appeals in *Leyva* ruled that when a § 2254 petitioner is released from custody his habeas case is moot "unless he can demonstrate he will suffer some collateral consequences if his conviction is allowed to stand." *Leyva*, 504 F.3d at 363. The court further noted that collateral consequences may be presumed "when a litigant challenges a criminal convictions. *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 8 (1998)). The undersigned, pursuant to initial review of the petition, has not recommended that the action be dismissed for lack of jurisdiction or on grounds of mootness, even though Petitioner has allegedly discharged his sentence in the challenged conviction since he filed his petition. Rather, it is recommended that the claims in the instant petition be dismissed as time-barred and for failure to state a cognizable habeas claim.

"court documents" that "contain evidence material to the proceedings" have been "suppressed in collusion" by officials of the Garfield County District Court during his post-conviction proceeding. On May 7, 2010, Petitioner moved to file an "addendum" [Doc. No. 10] to his motion to supplement, adding facts to his claim in Ground Nine that an illegal "collusion" in the state district court prevented the filing of certain documents relating to his post-conviction proceeding. In a second motion to supplement [Doc. No. 11, filed May 17, 2010], Petitioner seeks to add documentation in support of his claim that his plea of *nolo contendere* was not voluntarily entered and that he is actually innocent of the crime of which he was convicted. On May 26, 2010, Petitioner filed a "Motion to Submit New Occuring Evidence for the Record, in Hopes for Getting a Review under this Federal Jur[is]diction" [Doc. No. 12], in which Petitioner requests "a change in reviewing jurisdiction," alleging that the OCCA committed clear error in its recent denial of his post-conviction appeal on May 21, 2010, which order is attached to the motion as Attachment One. Finally, in a motion filed July 29, 2010, [Doc. No. 14], Petitioner advises the Court that he was released from prison through discharge of his sentence on June 3, 2010, and through "extra investigation" since that date, Petitioner has obtained and seeks to submit sworn testimony of two individuals regarding the circumstances surrounding the charge filed against him in Case No. CF-2002-696.

The undersigned finds that through Petitioner's motions, he seeks to supplement or amend the claims raised in his habeas petition. However, as discussed in this Report and Recommendation, the claims challenging Petitioner's conviction pursuant to his plea of *nolo*

14

*contendere* (Grounds One through Seven) are time-barred under 28 U.S.C. § 2244(d)(1)(A) and are not saved by equitable tolling, and the remaining claims challenging the post-conviction proceedings in state court (Grounds Eight through Eleven) fail to state cognizable claims for habeas relief. Accordingly, it is recommended that Petitioner's motions be denied.

## RECOMMENDATION

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the claims in Grounds One through Seven be summarily dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A) and that the claims in Grounds Eight through Eleven be dismissed for failure to state a cognizable claim for habeas relief. It is further recommended that Petitioner's pending motions [Doc. Nos. 9, 10, 11, 12, & 14] be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 9th day of September, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of the Court is instructed to electronically forward a copy of this Report and Recommendation to the

Oklahoma Attorney General on behalf of the Respondent at the following address: fhc.docket@oag.state.ok.us.

ENTERED this 20th day of August, 2010.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE